UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE GMAIL ACCOUNT GOTVCALLS@GMAIL.COM STORED AT THE PREMISES CONTROLLED BY GOOGLE | Case no. 1:24-mj- 131-01-TSM<br><br>**Under Seal** |

**APPLICATION FOR ORDER COMMANDING GOOGLE, LLC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT**

The United States requests that the Court order Google, LLC. not to notify any person (including the subscribers and customers of the account(s) listed in the warrant) of the existence of the attached warrant for 180 days, until December 5, 2024.

Google, LLC. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Google, LLC. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached warrant relates to an ongoing criminal investigation that is not public nor is its full extent known to the target of the investigation, and its disclosure may alert the target to the nature of the ongoing investigation. I have concerns that the target of this investigation may destroy evidence if alerted of the status of the investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation or unduly delay a trial, including by

giving the target an opportunity to destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subject under investigation could destroy that evidence.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Google, LLC. not to disclose the existence or content of the attached warrant for approximately 180 days, except that Google, LLC. may disclose the attached warrant to an attorney for Google, LLC. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor fully known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated: June 5, 2024

By: /s/ Jeffery A. Strelzin
Jeffery A. Strelzin
Assistant U.S. Attorney
NH Bar #8841
53 Pleasant Street, Fourth Floor
Concord, NH 03301
Phone: 603-225-1552
Jeff.strelzin@usdoj.gov